# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **Jarrett D. Holden,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13cv1591 (TSE/MSN) |
| ) | |
| **Harold Clarke,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Jarrett D. Holden, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his life sentence following Miller v. Alabama, _ U.S. _, 132 S. Ct. 2455 (2012). On June 20, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on July 8, 2014. For the reasons that follow, respondent's Motion must be granted, and the petition must be dismissed.

## I. Background

On April 10, 1998, petitioner was convicted by a jury of one count of capital murder, one count of attempted robbery, and one count of use of a firearm in the commission of attempted robbery in the Circuit Court for the County of Accomack. Commonwealth v. Holden, Case no. CR97-141. Petitioner committed these crimes when he was seventeen years old. On June 11, 1998, he was sentenced to life in prison without parole plus thirteen years. Both the Court of Appeals of Virginia and the Supreme Court of Virginia denied his petition for appeal. See Holden v. Commonwealth, R. No. 1554-98-1; Holden v. Commonwealth, R. No. 991372. On September 25, 2000, petitioner filed a petition for a writ of habeas corpus in the trial court,

alleging that the trial court erred in refusing to appoint a ballistics expert for the defense. The trial court found that petitioner's claim was barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), and dismissed the petition on November 30, 2000. Holden v. John Taylor, Warden, Case No. CL96-00. Petitioner did not appeal, but filed a second habeas petition in the Supreme Court of Virginia on December 20, 2000. On March 19, 2001, the court dismissed the petition as untimely filed. Holden v. Warden, Sussex I State Prison, R. No. 003062.

Petitioner filed his first federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on or about May 4, 2001. See Holden v. Braxton, Case No. 1:01-cv-709-TSE. His petition was dismissed as time-barred on April 22, 2002. The United States Court of Appeals for the Fourth Circuit dismissed the ensuing appeal on August 20, 2002. See Holden v. Braxton, Case No. 02-6816 (4th Cir. Aug. 20, 2002).

On July 17, 2013, petitioner filed a second federal petition for a writ of habeas corpus, asserting that his sentence of life imprisonment without parole, imposed for a crime committed when he was seventeen years old, violated the U.S. Supreme Court's decision in Miller, 132 S. Ct. at 2455, which held, for the first time, that the imposition of a life sentence without parole on a juvenile violates the Eighth Amendment. Along with his petition, petitioner enclosed a letter stating that he had been granted authorization to file a successive § 2254 petition from the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). See Holden v. Clarke, Case No. 1:13-cv-897 (TSE/TRJ). Review of the Fourth Circuit's docket confirms that the court received petitioner's § 2244 motion on May 31, 2013 and granted this motion on June 19, 2013, permitting the filing of a successive § 2254 petition.[1] Petitioner attached his § 2254 petition, executed on May 22,

---

[1] In petitioner's appeal from the dismissal of his second § 2254 petition, the Fourth Circuit stated that it had granted petitioner authorization to file his second petition on June 16, 2013. See Dkt. 10, at 2. However, the Order granting this authorization was issued on June 19, 2013,

2

2013, to his § 2244 motion, as required by Fourth Circuit Rule 22(d). See In re: Holden, Case No. 13-264 (4th Cir. June 19, 2013). On September 20, 2013, the petition was dismissed without prejudice on the ground that petitioner had failed to exhaust his claim before the Supreme Court of Virginia. See Case No. 1:13-cv-897, Dkt. 3. Petitioner then appealed this dismissal, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal on February 20, 2014. See Holden v. Clarke, Case No. 13-7629 (4th Cir. Feb. 20, 2014).

In the meantime, petitioner filed a petition for a writ of habeas corpus raising his Miller claim in the Supreme Court of Virginia. This petition was dismissed as procedurally defaulted and untimely filed, pursuant to Virginia Code §§ 8.01-654(A)(2), (B)(2), on November 7, 2013. Holden v. Dir. of the Dep't of Corr., R. No. 131604. Petitioner then re-filed his federal petition here on November 21, 2013.[2] By Order dated January 10, 2014, this petition was dismissed without prejudice to petitioner's ability to move a panel of the Fourth Circuit for authorization to file a successive petition, pursuant to 28 U.S.C. § 2244(b)(2)(B). See Dkt. 3. On appeal, the Fourth Circuit vacated the dismissal Order, on March 11, 2014, finding that his motion for authorization to file a successive petition was "unnecessary," as the court had "already granted Holden the requisite authorization under § 2244 [on June 19, 2013]." See In re: Holden, Case No. 14-140 (4th Cir. Mar. 11, 2014). Therefore, the petition was reinstated on April 30, 2014, and respondent was directed to show cause why the writ should not be granted. Dkt. 9.

---

and there is nothing on the Fourth Circuit's docket to indicate that anything occurred on June 16, 2013.

[2] For purposes of calculating the statute of limitations, the petition is deemed filed when petitioner places it in the prison mail system. Houston v. Lack, 487 U.S. 266 (1988). Petitioner certified that he placed his petition in the prison mail system on November 21, 2013. The court received it on December 17, 2013.

3

The sole argument petitioner raises in the instant petition is that his sentence of life imprisonment without the possibility of parole, imposed for a crime committed as a juvenile, violates the Eighth Amendment under the rule in Miller, 132 S. Ct. at 2455. See, e.g., Pet., at 6. He argues that Miller is a new rule of constitutional law, made retroactive to his case pursuant to Teague v. Lane, 489 U.S. 288 (1989). Respondent argues that (1) the instant petition is untimely, and (2) Miller is not applicable to petitioner's case. For the reasons that follow, respondent's Motion to Dismiss must be granted, as it appears on this record that the petition is untimely filed. Alternatively, the petition fails on the merits, as the rule in this circuit is that Miller is not retroactive to cases on collateral review.

## II. Timeliness

A § 2254 petition for a writ of habeas corpus must be dismissed if filed more than one year after (1) the judgment of conviction becomes final; (2) the removal of any state-created impediment to the filing of the petition; (3) recognition by the United States Supreme Court of the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). As petitioner's conviction became final fifteen years ago, petitioner does not argue that the instant petition is timely under § 2244(d)(1)(A). Rather, he asserts that his petition is timely under § 2244(d)(1)(C), as he states that Miller established a new rule of constitutional law that is retroactive to cases on collateral review. Accordingly, whether this petition is timely depends on (1) whether petitioner filed the instant petition within one year of the decision in Miller; and (2) whether Miller applies retroactively to cases on collateral review.

The timeliness of the instant petition is a complicated issue for which there is no dispositive controlling precedent. The timeline of this case is as follows:

4

- *June 25, 2012:* The United States Supreme Court issues its decision in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012).

- *May 22, 2013:* Petitioner signs and executes his § 2254 petition. <u>See</u> Case No. 1:13-cv-897 (TSE/TRJ), Dkt. 2, at 10.

- *May 31, 2013:* The Fourth Circuit receives petitioner's motion for authorization to file a successive § 2254 Petition. Pursuant to Fourth Circuit Rule 22(d), petitioner's § 2254 petition is included with this Motion. <u>See</u> Case No. 13-264, Dkt. 1.

- *June 19, 2013:* The Fourth Circuit grants petitioner's § 2244 motion, permitting him to file a successive § 2254 petition.

- *July 17, 2013:* Petitioner mails his § 2254 petition to this Court. <u>See</u> Case No. 1:13-cv-897, Dkt. 1-2.

- *September 20, 2013:* This Court dismisses the petition, without prejudice, for failure to exhaust state remedies. <u>See id.</u> Dkt. 3.

- *November 21, 2013:* Petitioner re-files his petition in this Court.

Thus, it is clear that petitioner's case was not filed here until, at the earliest, July 17, 2013, more than one year after the decision in <u>Miller</u>.[3] His petition was therefore not timely filed. However, petitioner submitted his motion for authorization to file a successive § 2254 petition within the one-year limitations period, as the Fourth Circuit received the petition on May 31, 2013. In addition, his § 2254 petition was attached to his § 2244 motion, so it is clear that the Fourth Circuit received the petition within the one-year limitations period. Whether the petition is timely, therefore, depends on whether the filing of his § 2244 motion for authorization to file a successive § 2254 petition, with his § 2254 petition attached, tolled the one-year statute of limitations required by § 2244(d)(1)(C).[4]

---

[3] Because the instant petition is identical to the earlier-filed petition in Case No. 1:13-cv-897, it is appropriate to treat the two petitions as part of the same case.

[4] If the filing of petitioner's § 2244 motion tolled the one-year statute of limitations, the period of time between May 31, 2013 (when the Court of Appeals received the authorization) and June

5

Limited case law addresses the specific question whether a § 2244 motion for authorization to file a successive § 2254 petition tolls the one-year statute of limitations. The Fourth Circuit has not yet decided this question. Other circuits have done so, but are divided. The Fifth Circuit, relying on the plain language of § 2244(b)(3)(A), has found that the filing of a § 2244 motion does not toll the one-year statute of limitations, as § 2244(b)(3)(A) clearly envisions that a petitioner "shall move in the appropriate court of appeals" for such an order "before a second or successive application . . . is filed in the district court." See Fierro v. Cockrell, 294 F.3d 674, 680-81 (5th Cir. 2002) (quoting § 2244(b)(3)(A)). Thus, the Fifth Circuit concluded that "the statute . . . clearly contemplates that the actual [petition] will be filed in the district court rather than the circuit court," and that the application and the petition are not identical for tolling purposes. Id. at 680; see also Rivera v. Quarterman, 505 F.3d 349, 353 n.5 (5th Cir. 2007). The Tenth Circuit has reached the opposite result, concluding that the pendency of a § 2244 motion for authorization to file a successive § 2254 petition tolls the running of the statute of limitations. See Easterwood v. Champion, 213 F.3d 1321, 1324 (10th Cir. 2000). The Sixth Circuit, relying on previous circuit precedent that a motion for authorization to file a successive § 2255 petition tolls the statute of limitations, has also found that the pendency of a § 2244 motion tolls the running of the statute of limitations. See Gilmore v. Berghuis, Nos. 13-2008/2548, slip op., at 3-4 (6th Cir. Jan. 30, 2015).

---

19, 2013 (when the Court of Appeals granted the authorization) would be tolled. The statute of limitations thus would run from June 26, 2012 through May 31, 2013, a total of 335 days, and from June 20, 2013 through July 17, 2013, a total of 28 days. Thus, if the § 2244 motion tolled the one-year statute of limitations, 363 days would be counted between the Miller decision and the filing of the petition, and the petition would then be timely. If, however, the filing of the § 2244 motion did not toll the statute of limitations, the limitations period would run continuously from June 26, 2012 through July 17, 2013, a total of 382 days, rendering the petition time-barred.

In three opinions addressing this issue, courts in this district have followed the lead of the Fifth Circuit, concluding – albeit tentatively – that the filing of a motion for authorization to file a successive § 2254 petition does not toll the statute of limitations. See Dumas v. Clarke, No. 2:13-cv-398, 2014 WL 2808807, at *8 (E.D. Va. June 20, 2014) (Smith, C.J.) (finding that the plain language of § 2244(b)(3)(A) counsels against tolling the statute of limitations for authorization petitions filed in the Court of Appeals); McLean v. Clarke, No. 2:13-cv-409-AWA-TEM, 2014 WL 5286515, at *5-*6 (E.D. Va. June 12, 2014) (report and recommendation of Miller, Mag. J.) (expressly agreeing with the logic of Fierro, 294 F.3d at 681, that the filing of a § 2244 motion does not toll the statute of limitations), report and recommendation adopted (Sept. 29, 2014) (Wright Allen, J.); Stewart v. Clarke, No. 2:13-cv-388, 2014 WL 2480076, at *3 (E.D. Va. Mar. 13, 2014) (relying on Fierro for the proposition that the filing of a motion for authorization does not toll the statute of limitations), report and recommendation adopted, 2014 WL 1899771 (E.D. Va. Apr. 29, 2014) (Morgan, J.).

After careful review of the case law, it is clear that the result reached by the Fifth Circuit is the correct disposition of this tolling question. This is so because Congress made clear in § 2244(d) that only state post-conviction proceedings can operate under the statute to toll the one-year limitations period, and it is clear that a motion for authorization to file a successive § 2254 petition filed in the Court of Appeals is not a state post-conviction proceeding. Thus, § 2244(d)'s plain language states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Accordingly, it is well-settled that only post-conviction proceedings filed in *state* court operate to toll the one-year statute of limitations. See Duncan v. Walker, 533 U.S. 167, 173 (2001) ("We

7

find no likely explanation for Congress' omission of the word 'Federal' in § 2244(d)(2) other than that Congress did not intend properly filed applications for federal review to toll the limitation period."). As petitioner's motion for authorization to file a successive § 2254 petition was a "properly filed application[] for federal review" when filed in the Fourth Circuit, the statute of limitations was not tolled during the time the Fourth Circuit considered his motion. Accordingly, petitioner is not entitled to statutory tolling for the pendency of his motion for authorization to file a successive § 2254 petition.

But this does not end the inquiry, as "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 634 (2010); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Therefore, although the pendency of petitioner's motion for authorization to file a successive § 2254 petition did not statutorily toll the one-year limitations period, petitioner may argue for entitlement to equitable tolling. Yet, such an argument clearly fails, as no record basis exists in this case for equitable tolling. In this regard, the Fourth Circuit has held that "any resort to equity must be reserved for those instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 246. Therefore, for equitable tolling to apply, a petitioner must establish that (1) he has been diligently pursuing his rights, and that (2) some "extraordinary circumstance," beyond his control and external to his own conduct, interfered with his ability to file his petition in a timely manner. Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). No such extraordinary circumstances exist here; the filing of a motion for authorization to file a successive § 2254 petition is not an extraordinary circumstance. By statute, the Fourth Circuit had thirty days to issue its decision. See 28 U.S.C. § 2244(b)(3)(D). As the Fourth Circuit issued its decision in

the instant case in a timely fashion, no extraordinary circumstance stood in the way of petitioner's ability to file a timely petition following the issuance of Miller. Accordingly, equitable tolling does not apply to pendency of petitioner's motion for authorization to file a successive § 2254 petition.

Because the petition was filed beyond the one-year limitations period in § 2244(d), and because equitable tolling does not apply in the instant case, this petition is untimely and must be dismissed.

### III. Retroactivity of Miller

Although the timeliness of the petition is dispositive, it is nonetheless appropriate to consider the merits of the petition in the event that the timeliness analysis is mistaken.[5] Petitioner's sole argument in support of his § 2244 petition is that Miller announced a new constitutional rule that is retroactively applicable to cases on collateral review, including the instant petition. In general, new constitutional rules, like the one rendered in Miller, are not applicable to cases that have already become final before the rule was announced, and thus, do not apply to cases, like petitioner's, brought to the courts on collateral review. See Teague v. Lane, 489 U.S. 288, 310 (1989). This rule is subject to certain exceptions, however. First, a new rule is retroactive to cases on collateral review if the U.S. Supreme Court expressly makes it so. Second, a rule is retroactive on collateral review if "the Court's holdings logically permit no other conclusion than that the rule is retroactive." Tyler v. Cain, 533 U.S. 656, 669 (2001)

---

[5] The timeliness analysis proceeds on the premise that the one-year period commenced to run from the date of the U.S. Supreme Court's issuance of Miller. It may be argued that the one-year period does not begin to run until the prison library received a copy of the Miller decision. See, e.g., Easterwood, 213 F.3d at 1323 (holding that the statute did not begin to run for purposes of the "due diligence" requirement of § 2244(d)(1)(D) until the relevant case arrived at the prison library). The parties do not raise this issue, nor does the record reflect when the prison library received the decision. Given this uncertainty, it is appropriate to consider the merits of the petition and dismiss the petition on alternative merits grounds.

(O'Connor, J., concurring); see also San-Miguel v. Dove, 291 F.3d 257, 260 (4th Cir. 2002) (internal citations omitted). Determining whether a rule applies retroactively in the absence of express direction from the U.S. Supreme Court requires determining whether the rule fits into the two exceptions identified in Teague. Under Teague, a rule is retroactive if: (1) it is substantive, rather than procedural, or (2) it is a "'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (alterations in original) (internal citations omitted); see also Teague, 549 U.S. at 307.

At the time this petition was filed, six decisions from this district had held that Miller does not apply retroactively to cases pending on collateral review. See Dumas, 2014 WL 2808807; Landry v. Baskerville, No. 3:13-cv-367, 2014 WL 1305696 (E.D. Va. Mar. 31, 2014); Stewart, 2014 WL 2480076; Sanchez v. Vargo, No. 3:13-cv-400, 2014 WL 1165862 (E.D. Va. Mar. 21, 2014); Contreras v. Davis, No. 1:13cv772, 2013 WL 6504654 (E.D. Va. Dec. 11, 2013) (Cacheris, J.); Johnson v. Ponton, No. 3:13-cv-404, 2013 WL 5663068 (E.D. Va. Oct. 15, 2013). On November 12, 2013, Johnson was appealed to the Fourth Circuit. See Case No. 13-7824. On March 5, 2015, the Fourth Circuit issued a decision in Johnson, finding that the rule in Miller is not retroactive to cases on collateral review. See Johnson v. Ponton, Case No. 13-7824, slip op., at 2 (4th Cir. Mar. 5, 2015).

In reaching this result in Johnson, the Fourth Circuit found that the rule in Miller was clearly procedural, rather than substantive. A rule is substantive if it "alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin, 542 U.S. 348, 352 (2004). The Fourth Circuit found that the rule in Miller, rather than prohibiting all juvenile offenders to be sentenced to life without parole, prohibited such a sentence without expressly taking into

account an offender's age. See Johnson, slip op., at 13 (quoting Miller, 132 S. Ct. at 2458, 2569, 2471). Thus, the court found the rule in Miller did not alter a specific class of individuals able to receive a certain punishment, but merely placed limits on the procedure used to impose sentences. The Fourth Circuit also found that the Miller rule was not a "watershed rule of criminal procedure," as "the Supreme Court 'has repeatedly emphasized the rarity of new bedrock rules of procedure.'" Johnson, slip op., at 14 (quoting United States v. Sanders, 247 F.3d 139, 148 (4th Cir. 2001)). Specifically, the Fourth Circuit concluded that, because the rule in Miller was a direct result of previous Supreme Court precedent, the rule did not break new ground and did not qualify under the second Teague exception. See id.

Because the controlling rule in this circuit is now that Miller does not apply retroactively to cases on collateral review, the instant petition must be dismissed on its merits, as well as its timeliness.

### IV. Conclusion

For the reasons stated above, Respondent's Motion to Dismiss must be granted, and the petition must be dismissed. An appropriate Judgment and Order will issue.

Entered this 13th day of March 2015.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge